# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| WENLI CHEN,<br><br>  1034 Hilltop Dr<br>  Duncansville, PA 16635<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>Serve:  Office of the General Counsel<br>        Department of Homeland Security<br>        Mail Stop 3650<br>        Washington, D.C. 20528<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Serve:  U.S. Citizenship & Immigration<br>        Services<br>        425 I. Street, N.W., Room 6100<br>        Washington, D.C. 20536<br><br>KEVIN MCALEENAN, Acting Secretary of the Department of Homeland Security,<br><br>Serve:  Office of the General Counsel<br>        Department of Homeland Security<br>        Mail Stop 3650<br>        Washington, D.C. 20528<br><br>and;<br><br>L. FRANCIS CISSNA, Director of the United States Citizenship and Immigration Services,<br><br>Serve:  U.S. Citizenship & Immigration<br>        Services<br>        425 I. Street, N.W., Room 6100<br>        Washington, D.C. 20536 | Case No.  1:19-cv-1275 |

Defendants.

**COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFF'S APPLICATION TO ADJUST STATUS**

COMES NOW Plaintiff Wenli Chen to respectfully request a hearing before this Honorable Court to make a determination on Plaintiff's application to adjust status, or alternatively requesting that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiff's long-delayed application to adjust status.

**PARTIES**

1. Plaintiff Wenli Chen ("Mr. Chen") is a citizen of China.

2. Mr. Chen is a law-abiding, long-time resident of the United States who is married to a U.S. citizen, Jessica Fisher.

3. Mr. Chen resides in Duncansville, PA.

4. On October 30, 2017, Mr. Chen filed an application to adjust status to that of a lawful permanent resident based on an I-130 Petition for an Alien Relative filed by his spouse on the same date.

5. Mr. Chen successfully completed his biometrics approximately one month after filing the application.

6. On February 12, 2018, Plaintiff was scheduled for his adjustment of status interview at the USCIS office in Pittsburgh, Pennsylvania. The interview was completed successfully.

7. On March 14, 2018, Defendants approved the I-130 filed by Plaintiff's spouse.

8. Since then, the Defendants have taken no action on the pending adjustment application.

9. Since Plaintiff filed the application to adjust status to that of lawful permanent resident, he has completed multiple service requests and status inquiries.

10. USCIS has refused to adjudicate Mr. Chen's application in accordance with applicable legal criteria.

11. Plaintiff brings this action to compel the USCIS to finally - after **more than eighteen months** of waiting - adjudicate his pending applications as required by law.

12. Defendant Department of Homeland Security (hereinafter sometimes referred to as "the DHS") is the agency of the United States that is responsible for implementing the petition for alien relative provisions of the law and assisting the DOS with background and security checks.

13. Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing adjustment of status applications.

14. Defendant Kevin McAleenan, the Acting Secretary of the DHS, is the highest ranking official within the DHS. McAleenan, by and through his agency for the DHS, is responsible for the implementation of the Immigration and Nationality Act (hereinafter sometimes referred to as "the INA"), and for ensuring compliance with applicable federal law, including the Administrative Procedures Act (hereinafter sometimes referred to as "the APA"). McAleenan is sued in his official capacity as an agent of the government of the United States.

15. Defendant L. Francis Cissna, Director of the USCIS, is the highest ranking official within the USCIS. Cissna is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Cissna is sued in his official capacity as an agent of the government of the United States.

## JURISDICTION AND VENUE

16. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

17. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) the Defendants all maintain offices within this district.

## FIRST CLAIM FOR RELIEF
### (Agency Action Unlawfully Withheld and Unreasonably Delayed)

For his first claim for relief against all Defendants, Plaintiff alleges and state as follows:

18. Plaintiff realleges and incorporate by reference the foregoing paragraphs as though fully set out herein.

19. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Section 555(b) creates a non-discretionary duty to conclude agency matters. *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991). A violation of this duty is a sufficient basis for mandamus relief.

20. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

21. Plaintiff alleges that his application has been in administrative processing beyond a reasonable time period for completing administrative processing of his adjustment of status

application.

22. The combined delay and failure to act on Plaintiff's adjustment of status application is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

23. There are no alternative adequate or reasonable forms of relief available to Plaintiff.

24. Plaintiff has exhausted all administrative remedies available in pursuit of a resolution of this matter, including repeatedly requesting the processing of the case with the Defendants.

### SECOND CLAIM FOR RELIEF
### (Violation of Right to Due Process of Law)

For his second claim for relief against all Defendants, Plaintiff alleges and states as follows:

25. Plaintiff realleges and incorporate by reference the foregoing paragraphs as though fully set out herein.

26. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiff may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

27. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiff.

28. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiff in that Plaintiff has been denied the opportunity to apply for citizenship, has not been able to claim lawful permanent resident status, has not been able to sponsor family members for residence in the U.S. and in various other ways.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff Wenli Chen requests the following relief:

1. That this Honorable Court assume jurisdiction over this action;

2. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all processing of Plaintiff's application to adjust status within sixty days;

3. That this Honorable Court take jurisdiction of this matter and adjudicate Plaintiff's application to adjust status pursuant to this Court's declaratory judgment authority;

4. That this Honorable Court issue a writ of mandamus compelling Defendants to issue a green card to Plaintiff;

5. That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiff the cause and nature of the delay and inform Plaintiff of any action they may take to accelerate processing of the application to adjust status;

6. Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

7. Such other and further relief as this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED**
this 1st day of May, 2019

***/s/ James O. Hacking, III***
James O. Hacking, III
MO Bar # 46728
Hacking Law Practice, LLC
10900 Manchester Rd., Suite 203
Kirkwood, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackinglawpractice.com

**ATTORNEYS FOR PLAINTIFF**